**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHNS HAGANS and VIVIAN HAGANS, individually and on behalf of all others similarly situated, : : : : | |
| Plaintiffs, : | |
| : | CIVIL ACTION |
| v. : | CASE NO. 1:22-cv-00128 |
| : | |
| NATIONAL MENTOR HEALTHCARE, INC.,[1] : and NATIONAL MENTOR HEALTHCARE, : LLC, : : | |
| Defendants. : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NATIONAL MENTOR
HEALTHCARE, LLC D/B/A NEW JERSEY MENTOR TO PLAINTIFFS' CLASS AND
COLLECTIVE ACTION COMPLAINT**

Defendant National Mentor Healthcare, LLC, properly referred to as National Mentor

Healthcare, LLC d/b/a New Jersey Mentor ("Mentor" or "Defendant"), by and through its

undersigned counsel, hereby answers the Complaint filed by Plaintiffs John Hagans and Vivian

Hagans ("Plaintiffs") denying each and every averment except as to those expressly admitted

below; and, to the extent Plaintiffs purport to bring this action on behalf of others similarly

situated, Mentor denies that class or collective treatment is appropriate. Unless indicated

otherwise, Mentor responds only to Plaintiffs' allegations and not to the allegations of purported

class and/or collective members; and to the extent class and/or collective allegations require a

response, Mentor denies each and every allegation as to purported class and/or collective

members.

Moreover, Mentor denies Plaintiffs' allegations in the introductory paragraph to the

---

[1]     National Mentor Healthcare, Inc. does not exist as an entity operating in the State of New
Jersey and is, therefore, improperly named.

Complaint as conclusions of law to which no responsive pleading is required and insofar as the Fair Labor Standards Act of 1938 ("FLSA") and the cases cited are writings that speak for themselves, Mentor denies any characterization of the same.

1.      Mentor admits only that National Mentor Healthcare, LLC is a subsidiary of National Mentor Holdings, Inc., a Delaware corporation with a principal place of business in Massachusetts, and denies the remaining averments in Paragraph 1.  By way of further answer, Mentor and its affiliates collectively operate under the brand name of "Sevita."   Sevita was previously known as "The Mentor Network."

2.      Mentor denies the averments in Paragraph 2 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 2 contains factual averments, they are denied.

3.      Mentor denies the averments in Paragraph 3.  By way of further answer, Plaintiffs have never held the role of Direct Support Professionals ("DSPs") for Mentor and Mentor does not employ and/or contract with any DSPs in New Jersey.  Mentor denies that Plaintiffs are entitled to minimum wage or overtime.

4.      Mentor admits only that it pays Plaintiffs a total of $65.65 per day as reimbursement for expenses associated with the individual for whom Plaintiffs provide care in their home under a license from the State of New Jersey and denies the remaining averments in Paragraph 4.

5.      Mentor denies the averments in Paragraph 5 as conclusions of law to which no responsive pleading is required. Mentor further denies that Plaintiffs are covered by the provisions of the FLSA or any corresponding state law and denies that it has violated those laws in any manner with regard to Plaintiffs' provision of care to an individual in their home under a

license from the State of New Jersey.

6.      Mentor denies the averments in Paragraph 6 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 6 contains factual averments, they are denied.

7.      Mentor denies the averments in Paragraph 7 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 7 contains factual averments, they are denied.  Mentor further denies that Plaintiffs are covered by the provisions of the New Jersey Wage and Hour Law ("NJWHL") and denies that it has violated that law in any manner with regard to Plaintiffs' provision of care to an individual in their home under a license from the State of New Jersey.  Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

## SUBJECT MATTER JURISDICTION AND VENUE

8.      Mentor denies the averments in Paragraph 8 as conclusions of law to which no responsive pleading is required.

9.      Mentor denies the averments in Paragraph 9 as conclusions of law to which no responsive pleading is required.

10.     Mentor denies the averments in Paragraph 10 as conclusions of law to which no responsive pleading is required.

## PARTIES AND PERSONAL JURISDICTION

11.     Mentor is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 11 and, therefore, those averments are denied.

12.     Mentor is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 12 and, therefore, those averments are denied.

13.     Mentor denies the averments in Paragraph 13.   By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

14.     Mentor denies the averments in Paragraph 14.   By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

15.     Mentor denies the averments in Paragraph 15.   By way of further answer, National Mentor Healthcare, Inc. is a defunct Massachusetts corporation that surrendered its charter on October 26, 2004.

16.     Mentor admits only that National Mentor Healthcare, LLC is a for-profit Delaware limited liability company that is registered to do business in the State of New Jersey and denies the remaining averments in Paragraph 16.

17.     Mentor denies the averments in Paragraph 17.

18.     Mentor denies the averments in Paragraph 18.   By way of further answer, the brand name used by Mentor and its affiliates, The Mentor Network, changed to Sevita in September 2021.

19.     Mentor denies the averments in Paragraph 19.

20.     Mentor denies the averments in Paragraph 20 and admits only that Mentor acts as a "Placing Agency" for the State of New Jersey to help match adults with developmental disabilities with a licensed "Community Care Provider" who provides the home environment that will allow said adults to live a full and healthy life with assistance from the provider.

21.     Mentor denies that it provides all of the services listed in Paragraph 21 in New Jersey.

22.     Mentor admits only that Defendants contract with the State of New Jersey, Department of Human Resources, Division of Developmental Disabilities to provide host home services for people with I/DD throughout the State of New Jersey for profit and denies the remaining averments in Paragraph 22.

## COVERAGE

23.     Mentor denies the averments in Paragraph 23 as conclusions of law to which no responsive pleading is required.  The terms of the FLSA and the cited cases speak for themselves and any characterization of the same is denied.  Mentor denies that Plaintiffs are covered by the provisions of the FLSA with regard to Plaintiffs' provision of care to an individual in their home under a license from the State of New Jersey.

24.     Mentor denies the averments in Paragraph 24 as conclusions of law to which no responsive pleading is required.  The terms of the NJWHL speak for themselves and any characterization of the same is denied.  Mentor denies that Plaintiffs are covered by the provisions of the NJWHL with regard to Plaintiffs' provision of care to an individual in their home under a license from the State of New Jersey.

## EMPLOYMENT RELATIONSHIP

25.     Mentor denies the averments in Paragraph 25 as conclusions of law to which no responsive pleading is required.  The terms of the FLSA and the cited cases speak for themselves and any characterization of the same is denied.  Mentor denies that Plaintiffs are employees or are covered by the provisions of the FLSA with regard to Plaintiffs' provision of care to an individual in their home under a license from the State of New Jersey.

26.     Mentor denies the averments in Paragraph 26.

27.     Mentor denies the averments in Paragraph 27 and admits only that it acts as a

Placing Agency for the State of New Jersey to help match adults with developmental disabilities with a licensed Community Care Provider who provides the home environment that will allow said adults to live a full and healthy life with assistance from the provider and, in connection with that, ensures that Community Care Providers satisfy the licensing and pre-service education mandated by the State of New Jersey's regulations.

28.    Mentor denies the averments in Paragraph 28.

29.    Mentor denies the averments in Paragraph 29.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

30.    Mentor denies the averments in Paragraph 30.

31.    Mentor denies the averments in Paragraph 31.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

32.    Mentor denies the averments in Paragraph 32.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

33.    Mentor denies the averments in Paragraph 33.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

34.    Mentor denies the averments in Paragraph 34.

35.    Mentor denies the averments in Paragraph 35.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

36.     Mentor denies the averments in Paragraph 36.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

37.     Mentor denies the averments in Paragraph 37 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 37 contains factual averments, Mentor is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 37 and, therefore, those averments are denied.

38.     Mentor denies the averments in Paragraph 38.  Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.  Mentor compensates Plaintiffs at a daily rate as reimbursement for expenses associated with the individual for whom they provide care in their homes under a license issued by the State of New Jersey.

39.     Mentor denies the averments in Paragraph 39.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

40.     Mentor denies the averments in Paragraph 40 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 40 contains factual averments, Mentor is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 40 and, therefore, those averments are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

41.     Mentor denies the averments in Paragraph 41 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 41 contains factual averments, Mentor admits only that the State of New Jersey regulates the provision of services by state-licensed Community Care Providers.  By way of further answer, Plaintiffs are not DSPs and Mentor does

not employ and/or contract with any DSPs in New Jersey.

42.    Mentor denies the averments in Paragraph 42.  By way of further answer, Plaintiffs are not employees and Mentor does not assign them job duties.

43.    Mentor admits only that the State of New Jersey regulates the provision of services by state-licensed Community Care Providers, including requiring continuing education on an ongoing basis, and that Mentor ensures that such providers with whom it contracts comply with the state requirements as a condition of their contracts, and denies the remaining averments in Paragraph 43.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

44.    Mentor admits only that it retains records as required by New Jersey state regulations covering Community Care Providers, and denies the remaining averments in Paragraph 44.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

45.    Mentor denies the averments in Paragraph 45 as conclusions of law to which no response is required.  To the extent Paragraph 45 contains factual averments, Mentor denies that it has employed Plaintiffs at any time.

46.    Mentor denies the averments in Paragraph 46 as conclusions of law to which no responsive pleading is required.  The terms of the FLSA speak for themselves and any characterization of the same is denied.

47.    Mentor denies the averments in Paragraph 47 as conclusions of law to which no responsive pleading is required.  The terms of the FLSA and the cited cases speak for themselves and any characterization of the same is denied.

## COVERAGE

48.     Mentor denies the averments in Paragraph 48 as conclusions of law to which no responsive pleading is required.

49.     Mentor denies the averments in Paragraph 49 as conclusions of law to which no responsive pleading is required.

50.     Mentor denies the averments in Paragraph 50.

51.     Mentor denies the averments in Paragraph 51 as conclusions of law to which no responsive pleading is required.

52.     Mentor denies the averments in Paragraph 52 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 52 contains factual averments, they are denied.

## WAGE VIOLATIONS

53.     Mentor admits only that it classifies Plaintiffs as independent contractors and denies the remaining allegations in Paragraph 53.  Mentor denies that Plaintiffs are Mentor's employees.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

54.     Mentor denies the averments in Paragraph 54 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 54 contains factual averments, Mentor denies that Plaintiffs are Mentor's employees.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

55.     Mentor denies the averments in Paragraph 55 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 55 contains factual averments, Mentor denies that Plaintiffs are Mentor's employees or are entitled to minimum wage.  By way of

further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

56.　　Mentor denies the averments in Paragraph 56 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 56 contains factual averments, Mentor is without knowledge regarding the hours that Plaintiffs spend providing care to individuals in their homes under license from the State of New Jersey as Plaintiffs are not Mentor's employees. Mentor denies that Plaintiffs are entitled to overtime premiums.

57.　　Mentor denies the averments in Paragraph 57 and admits only that Plaintiffs receive $65.65 per day as reimbursement for expenses associated with the individual for whom they care in their homes under license from the State of New Jersey.  Mentor denies that Plaintiffs are entitled to additional compensation.

58.　　Mentor denies the averments in Paragraph 58 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 58 contains factual averments, Mentor is without knowledge regarding the hours that Plaintiffs spend providing care to individuals in their homes under license from the State of New Jersey as Plaintiffs are not Mentor's employees. Mentor denies that Plaintiffs are entitled to additional compensation.

59.　　Mentor denies the averments in Paragraph 59 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 59 contains factual averments, Mentor is without knowledge regarding the hours that Plaintiffs spend providing care to individuals in their homes under license from the State of New Jersey as Plaintiffs are not Mentor's employees. Mentor denies that Plaintiffs are entitled to additional compensation.

## FACTS

60.　　Mentor denies the averments in Paragraph 60 as conclusions of law to which no

responsive pleading is required.  To the extent Paragraph 60 contains factual averments, they are denied.  Mentor denies that Plaintiffs are entitled to minimum wage or overtime under the FLSA or state law and denies that there are any proper class or collective action members.

61.    Mentor denies the averments in Paragraph 61.

62.    Mentor denies the averments in Paragraph 62.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

63.    Mentor denies the averments in Paragraph 63.

64.    Mentor denies the averments in Paragraph 64.

65.    Mentor denies the averments in Paragraph 65 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 65 contains factual averments, Mentor denies that there have been any pay violations with respect to Plaintiffs.

66.    Mentor denies the averments in Paragraph 66 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 66 contains factual averments, Mentor admits only that Plaintiffs receive a daily rate as reimbursement for expenses associated with the individual for whom they care under a license from the State of New Jersey.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey and denies that Plaintiffs work for Mentor or are entitled to any additional compensation.

67.    Mentor denies the averments in Paragraph 67 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 67 contains factual averments, Mentor is without knowledge concerning the hours Plaintiffs spend providing care to the individual in their home under license from the State of New Jersey as Mentor does not employ Plaintiffs.

Mentor denies that Plaintiffs are required to perform any work for Mentor or are entitled to any additional compensation. By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

68.     Mentor denies the averments in Paragraph 68 as conclusions of law to which no responsive pleading is required. To the extent Paragraph 68 contains factual averments, Mentor is without knowledge concerning the hours Plaintiffs spend providing care to the individual in their home under license from the State of New Jersey as Mentor does not employ Plaintiffs. Mentor denies that Plaintiffs are required to perform any work for Mentor or are entitled to overtime or any additional compensation. By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

69.     Mentor denies the averments in Paragraph 69 as conclusions of law to which no responsive pleading is required. To the extent Paragraph 69 contains factual averments, Mentor provides Plaintiffs a daily rate as reimbursement for expenses associated with the individual for whom they care under a license from the State of New Jersey. Mentor denies that Plaintiffs are entitled to any additional compensation.

70.     Mentor denies the averments in Paragraph 70 as conclusions of law to which no responsive pleading is required. To the extent Paragraph 70 contains factual averments, Mentor provides Plaintiffs a daily rate as reimbursement for expenses associated with the individual for whom they care under a license from the State of New Jersey. Mentor denies that Plaintiffs are entitled to any additional compensation, including compensation for time spent attending continuing education required by the State of New Jersey, in order for them to maintain their state licenses. By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

71.    Mentor denies the averments in Paragraph 71 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 71 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

72.    Mentor denies the averments in Paragraph 72 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 72 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

73.    Mentor denies the averments in Paragraph 73 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 73 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

74.    Mentor denies the averments in Paragraph 74.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

75.    Mentor denies the averments in Paragraph 75.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

76.    Mentor denies the averments in Paragraph 76.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

77.    Mentor denies the averments in Paragraph 77 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 77 contains factual averments, they are

denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

78.     Mentor denies the averments in Paragraph 78.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

79.     Mentor denies the averments in Paragraph 79(a) through (i) as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 79(a) through (i) contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

80.     Mentor denies the averments in Paragraph 80 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 80 contains factual averments, they are denied.

81.     Mentor denies the averments in Paragraph 81 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 81 contains factual averments, they are denied.

82.     Mentor denies the averments in Paragraph 82 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 82 contains factual averments, they are denied.

83.     Mentor denies the averments in Paragraph 83 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 83 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

84.     Mentor denies the averments in Paragraph 84 as conclusions of law to which no

responsive pleading is required. To the extent Paragraph 84 contains factual averments, they are denied. Mentor denies that Plaintiffs are employees.

## COLLECTIVE ACTION ALLEGATIONS (FLSA CLAIMS)

85. Mentor denies the averments in Paragraph 85 as conclusions of law to which no responsive pleading is required. To the extent Paragraph 85 contains factual averments, they are denied. By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

86. Mentor denies the averments in Paragraph 86 as conclusions of law to which no responsive pleading is required. To the extent Paragraph 86 contains factual averments, they are denied. By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

87. Mentor denies the averments in Paragraph 87 as conclusions of law to which no responsive pleading is required. To the extent Paragraph 87 contains factual averments, they are denied. By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

88. Mentor denies the averments in Paragraph 88 as conclusions of law to which no responsive pleading is required. To the extent Paragraph 88 contains factual averments, they are denied. By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

89. Mentor denies the averments in Paragraph 89 as conclusions of law to which no responsive pleading is required. To the extent Paragraph 89 contains factual averments, they are denied. By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

90.    Mentor denies the averments in Paragraph 90 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 90 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

91.    Mentor denies the averments in Paragraph 91 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 91 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

92.    Mentor denies the averments in Paragraph 92 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 92 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

93.    Mentor denies the averments in Paragraph 93 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 93 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

94.    Mentor denies the averments in Paragraph 94 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 94 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

95.    Mentor denies the averments in Paragraph 95 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 95 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or

contract with any DSPs in New Jersey.

96.     Mentor denies the averments in Paragraph 96 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 96 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

97.     Mentor denies the averments in Paragraph 97 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 97 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

98.     Mentor denies the averments in Paragraph 98 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 98 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

99.     Mentor denies the averments in Paragraph 99 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 99 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

100.     Mentor denies the averments in Paragraph 100 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 100 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

101.     Mentor denies the averments in Paragraph 101 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 101 contains factual averments, they

are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

102.    Mentor denies the averments in Paragraph 102 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 102 contains factual averments, Mentor admits only that it has properly classified Plaintiffs and other state-licensed Community Care Providers with whom it contracts as independent contractors since from at least January 2016 to present and denies the remaining averments in Paragraph 102.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

103.    Mentor denies the averments in Paragraph 103 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 103 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

**CLASS ACTION ALLEGATIONS (NJWHL/NJWPL CLAIMS)**

104.    Mentor denies the averments in Paragraph 104 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 104 contains factual averments, they are denied.

105.    Mentor denies the averments in Paragraph 105 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 105 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

106.    Mentor denies the averments in Paragraph 106 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 106 contains factual averments, they

are denied.

107.    Mentor denies the averments in Paragraph 107 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 107 contains factual averments, they are denied.

108.    Mentor denies the averments in Paragraph 108 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 108 contains factual averments, they are denied.

109.    Mentor denies the averments in Paragraph 109 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 109 contains factual averments, they are denied.

110.    Mentor denies the averments in Paragraph 110 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 110 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

111.    Mentor denies the averments in Paragraph 111 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 111 contains factual averments, they are denied.  By way of further answer, Plaintiffs are not DSPs and Mentor does not employ and/or contract with any DSPs in New Jersey.

112.    Mentor is without sufficient knowledge or information to form a belief as to the truth of the averments in Paragraph 112 and, therefore, those averments are denied.

113.    Mentor denies the averments in Paragraph 113 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 113 contains factual averments, Mentor is without sufficient knowledge or information to form a belief as to the truth of the averments in

Paragraph 113 and, therefore, those averments are denied.

114.    Mentor denies the averments in Paragraph 114(a) through (i) as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 114(a) through (i) contains factual averments, they are denied.

## I.    COUNT ONE: VIOLATION OF 29 U.S.C. § 207

115.    Mentor hereby incorporates by reference all preceding paragraphs of this Answer as though fully set forth at length herein.

116.    Mentor denies the averments in Paragraph 116 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 116 contains factual averments, they are denied.

117.    Mentor denies the averments in Paragraph 117 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 117 contains factual averments, they are denied.

## II.    COUNT TWO: VIOLATION OF 29 U.S.C. § 206

118.    Mentor hereby incorporates by reference all preceding paragraphs of this Answer as though fully set forth at length herein.

119.    Mentor denies the averments in Paragraph 119 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 119 contains factual averments, they are denied.

120.    Mentor denies the averments in Paragraph 120 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 120 contains factual averments, they are denied.

121.    Mentor denies the averments in Paragraph 121 as conclusions of law to which no

responsive pleading is required.  To the extent Paragraph 121 contains factual averments, they are denied.

122.    Mentor denies the averments in Paragraph 122(a) through (k) as conclusions of law to which no responsive pleading is required.  The terms of the FLSA speak for themselves and any mischaracterization of the same is denied.

123.    Mentor denies the averments in Paragraph 123 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 123 contains factual averments, they are denied.

124.    Mentor denies the averments in Paragraph 124 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 124 contains factual averments, they are denied.  The cases cited speak for themselves and any mischaracterization of the same is denied.

### III.    COUNT THREE: MINIMUM WAGES UNDER NJWHL/NJWPL

125.    Mentor hereby incorporates by reference all preceding paragraphs of this Answer as though fully set forth at length herein.

126.    Mentor denies the averments in Paragraph 126 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 126 contains factual averments, they are denied.

127.    Mentor denes the averments in Paragraph 127 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 127 contains factual averments, they are denied.

128.    Mentor denies the averments in Paragraph 128 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 128 contains factual averments, they

are denied.

129.    Mentor denies the averments in Paragraph 129 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 129 contains factual averments, they are denied.

130.    Mentor denies the averments in Paragraph 130 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 130 contains factual averments, they are denied.

131.    Mentor denies the averments in Paragraph 131 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 131 contains factual averments, they are denied.

## IV.    COUNT FOUR: OVERTIME WAGES UNDER NJWHL

132.    Mentor hereby incorporates by reference all preceding paragraphs of this Answer as though fully set forth at length herein.

133.    Mentor denies the averments in Paragraph 133 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 133 contains factual averments, they are denied.

134.    Mentor denies the averments in Paragraph 134 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 134 contains factual averments, they are denied.

135.    Mentor denies the averments in Paragraph 135 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 135 contains factual averments, they are denied.

136.    Mentor denies the averments in Paragraph 136 as conclusions of law to which no

responsive pleading is required.  To the extent Paragraph 136 contains factual averments, they are denied.

137.    Mentor denies the averments in Paragraph 137 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 137 contains factual averments, they are denied.

138.    Mentor denies the averments in Paragraph 138 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 138 contains factual averments, they are denied.

## DAMAGES SOUGHT

139.    Mentor denies the averments in Paragraph 139 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 139 contains factual averments, they are denied.

140.    Mentor denies the averments in Paragraph 140 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 140 contains factual averments, they are denied.

141.    Mentor denies the averments in Paragraph 141 as conclusions of law to which no responsive pleading is required.  To the extent Paragraph 141 contains factual averments, they are denied.

## JURY DEMAND

142.    The averment in Paragraph 142 is a jury demand to which no responsive pleading is required.

## PRAYER

**WHEREFORE**, Defendant National Mentor Healthcare, LLC d/b/a New Jersey Mentor

respectfully requests that judgment be entered in its favor and against Plaintiffs, the purported members of the class, and the purported members of the collective, and that the purported class and/or collective not be certified, and that National Mentor Healthcare, LLC d/b/a New Jersey Mentor be awarded its costs and disbursements in this action, including reasonable attorneys' fees, and such other relief as the Court deems just and proper.  National Mentor Healthcare, LLC d/b/a New Jersey Mentor denies that Plaintiffs are entitled to any of the relief sought in the Prayer clause of the Complaint or to any other relief.

## AFFIRMATIVE DEFENSES

Mentor states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs.  Mentor also reserves the right to assert additional defenses that may become applicable during the course of this litigation.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed, in whole or in part, to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiffs and any putative class or collective action members are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief because they were compensated at all times in accordance with applicable law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and any putative class or collective action members have received all compensation due.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' FLSA claims are not suitable for a collective action because Plaintiffs are not similarly situated to any other individuals.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' NJWHL and/or New Jersey Wage Payment Law ("NJWPL") claims are not suitable for a class action because Plaintiffs are not similarly situated to any other individuals.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring claims on behalf of, and may not represent, putative class or collective action members, in whole or in part, with respect to the asserted class and collective action claims.

### EIGHTH AFFIRMATIVE DEFENSE

The claims of any purported opt-in plaintiffs and/or class members are barred to the extent they do not fall within the collective and class action definition.

### NINTH AFFIRMATIVE DEFENSE

A class and collective action is inappropriate because: Plaintiffs are not similarly situated to the putative collective individuals whom they purport to represent under 29 U.S.C. § 216(b); the putative class does not meet numerosity requirements under Fed. R. Civ. P. 23; there are no questions of law or fact common to the class; Plaintiffs' claims are not typical of claims asserted by putative class members; Plaintiffs are not an adequate representative of the proposed class; individual issues of liability and/or damages predominate over any issues common to the

putative class; and the proposed class cannot be certified as pleaded.

## TENTH AFFIRMATIVE DEFENSE

Mentor did not violate any duty to, or right of, Plaintiffs or any putative class or collective action members.

## ELEVENTH AFFIRMATIVE DEFENSE

All actions taken by Mentor were in the exercise of good faith and Mentor had reasonable grounds for believing that its actions did not violate the FLSA, the NJWHL, the NJWPL, or any other law; thus Plaintiffs and any putative class or collective action members are not entitled to damages, including liquidated damages.

## TWELFTH AFFIRMATIVE DEFENSE

If the alleged failure to pay the wages and/or overtime wages of Plaintiffs and any putative class or collective action members was unlawful, which Mentor denies, none of Mentor's alleged actions or omissions constitute a willful violation of the FLSA, the NJWHL, the NJWPL, or any other law.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each purported cause of action contained therein, is barred because Plaintiffs and any class or collective action members were independent contractors at all relevant times.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and any putative class or collective action members are not entitled to equitable relief insofar as they have a remedy at law.

Dated: March 7, 2022                    /s/ Shannon D. Farmer

Shannon D. Farmer (*pro hac vice* motion pending)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

/s/ Monica T. Nugent

Monica T. Nugent
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054

*Attorneys for Defendant National Mentor*
*Healthcare, LLC d/b/a New Jersey Mentor*

## CERTIFICATE OF SERVICE

I, Monica T. Nugent, hereby certify that, on this 7th day of March, 2022, I electronically filed the preceding Answer to Plaintiffs' Class and Collective Action Complaint with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to all counsel of record.

/s/ Monica T. Nugent

Monica T. Nugent