IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN HAGANS and VIVIAN HAGANS, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>       v.<br><br>NATIONAL MENTOR HEALTHCARE, INC., and NATIONAL MENTOR HEALTHCARE, LLC,<br><br>              Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 22-00128-KMW-SAK<br><br>**OPINION** |

APPEARANCES:

ANDREW R. FRISCH, ESQUIRE
MORGAN & MORGAN, P.A.
600 NORTH PINE ISLAND ROAD
SUITE 400
PLANTATION, FL 33324

      *Counsel for Plaintiffs John Hagans and Vivian Hagans*

MONICA T. NUGENT, ESQUIRE
BALLARD SPAHR LLP
700 EAST GATE DRVE
SUITE 330
MOUNT LAUREL, NJ 08054

      *Counsel for Defendants National Mentor Healthcare, Inc., and National Mentor Healthcare, LLC*

**WILLIAMS, District Judge:**

    I.      **<u>INTRODUCTION</u>**

    This matter comes before this Court on Plaintiffs John Hagans and Vivian Hagans'

Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class

Members pursuant to 29 U.S.C. § 216(b), (ECF No. 35). Plaintiffs assert that Defendants National Mentor Healthcare, Inc., and National Mentor Healthcare LLC have violated the Fair Labor Standards Act ("FLSA") by misclassifying "Community Care Providers" ("CCPs") as independent contractors, denying CCPs overtime compensation, and paying below the applicable minimum wage. For the reasons that follow, the Court will **GRANT** Plaintiffs' Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members, (ECF No. 35), subject to the Court's discretion regarding notice.

## II. BACKGROUND

Defendants operate an in-come care service company, formerly known as "The Mentor Network," which is now known by the trade name of "Sevita Health." (ECF No. 36 at 3). Defendants serve thousands of people in over 40 states by operating community-based networks to help care for intellectually and developmentally disabled people. (*Id.*) Plaintiffs allege that Defendants contract through the state of New Jersey and employ CCPs who host Defendants' patients in their homes, providing direct care and community interaction. (*Id.* 3-4)

Plaintiffs John Hagans and Vivian Hagans, individually and on behalf of those similarly situated, filed their Complaint on January 11, 2022, alleging violations of the FLSA by Defendants. Plaintiffs assert that Defendants have a "longstanding policy" of misclassifying their CCP employees as independent contractors, and subsequently violate state and federal wage and hour laws, paying Plaintiffs below the applicable minimum wage, and not providing overtime compensation. (ECF No. 1 at 1-2); *see also* (ECF No. 36 at 1-2).

On July 13, 2022, Plaintiffs filed the instant motion to have this Court conditionally certify a class for collective action pursuant to 29 U.S.C. § 216(b). (ECF No. 36 at 2). Plaintiffs argue that Defendants uniformly misclassify their "mentors" or "CCPs" as independent contractors, pay

them a daily rate that does not equal the state or federal minimum wage, and does not pay for overtime, and as such the CCPs are all similarly situated sufficiently to meet the "lenient burden" of conditional certification for a collective action. (*Id.* at 15). Plaintiffs further request that the Court allow for a 90-day notice period, permit Plaintiffs to engage in preliminary discovery to assist in the notification process, and to permit Plaintiffs to notify potential class participants by email and text messaging. (*Id.* at 28-34).

Defendants filed an opposition to this motion on August 1, 2022, (ECF No. 38), arguing that the Court should adopt the reasoning of a Fifth Circuit case as it relates to conditional certification for collective action, which would result in Plaintiffs failing to meet the burden required to certify a collective action, as well as asserting that the proposed class is inappropriate, that any proposed notice period should be limited to 30 days by first class mail only, and that Plaintiff's class notice should be revised in relation to the costs associated with consenting to the collective action. (*Id.*).

Plaintiff filed their reply on August 8, 2022, asserting that the Fifth Circuit case is not binding on this court and, moreover, that it has not displaced the two-step conditional certification process as developed by Third Circuit precedent. (ECF No. 39 at 6-8). Plaintiffs further reasserted their position on notifying the potential collective class. (*Id*. at 9-15).

On September 26, 2022, Plaintiffs provided the Court with supplementary authority. (ECF No. 45).

Finally, on October 3, 2022, Defendants filed a letter in response, arguing that Plaintiffs' filing was improper pursuant to Local Civil Rule 7.1.(d)(6) and that the supplemental authority was inapposite to this case. (ECF No. 46). The Court now finds the issue ripe for adjudication.

### III.  LEGAL STANDARD

The FLSA provides an avenue for individuals to bring a private cause of action on their own behalf or on behalf of other employees similarly situated for specific violations of the FLSA, such as a federal minimum wage, maximum-hour, and overtime guarantees that "cannot be modified by contract." *See Fogg v. Clean Harbors Env't Servs.*, No. 21-7626, 2023 U.S. Dist. LEXIS 20793 at *4 (D.N.J. Feb. 7, 2023) (citing *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 123 n.1 (3d Cir. 2018) (additional citation omitted). 29 U.S.C. § 216(b) provides in pertinent part that:

> Any employer who violates the provisions of section 6 [minimum wage] or section 7 [overtime] of this Act [29 USCS § 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . An action to receive the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

For employees to be found "similarly situated," by a court, the members of a collective action must be subject to some common employer practice that, if proved, would help demonstrate a violation of the FLSA. *Zavala v. WalMart Stores Inc.*, 691 F.3d 527, 538 (3d Cir. 2012). There are several relevant factors that courts may consider in finding a group of employees "similarly situated," for example: whether plaintiffs are employed in the same corporate department, division, and location, whether they advance similar claims, whether they seek substantially the same form of relief, and whether they have similar salaries and circumstances of employment. *See Pearsall-*

*Dineen v. Freedom Mortg. Corp.*, 27 F.Supp.3d 567, 570 (D.N.J. 2014) (quoting *Zavala*, 691 F.3d at 536-37).[1]

The Third Circuit follows a two-step process for deciding whether an action may proceed as a collective action under the FLSA. *See Camesi v. Univ. of Pittsburg Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013) (citing *Zavala*, 691 F.3d at 535).[2] "Articulating the differences [between the] two stages of the collective action certification analysis, the Third Circuit has explained that the initial step of conditional certification asks whether similarly situated plaintiffs do, in fact, exist; by contrast, the second stage asks whether the specific plaintiffs who have opted-in are, in fact, similarly situated to the named plaintiffs." *Hodzic v. Fedex Package Sys., Inc.*, No. 15-956, 2016 WL 6248078 at *5 (W.D. Pa. Oct. 26, 2016) (citing *Zavala*, 691 F.3d at 536 n.4).

First, the court makes a preliminary determination as to whether the plaintiffs have made the required showing that the employees identified in their complaint are similarly situated. *See Camesi*, 729 F.3d at 243 (citing *Zavala*, 691 F.3d at 535). The standard is a "fairly lenient" one and plaintiffs need only make a "modest factual showing." *Id*. A modest factual showing is "something beyond mere speculation – to demonstrate a factual nexus between the manner in

---

[1] It should be noted that a deeper analysis of the factors presented to show that a given person is "similarly situated" for class purposes occurs at the second step of a collective action certification once the Court has the benefit of additional discovery. *See Krstic v. J.R. Contr. & Envtl. Consulting*, No. 09-2459, 2010 WL 395953 at *1-2 (D.N.J. Jan. 28, 2010).

[2] Defendants ask this Court to abandon the Third Circuit's two-step process and apply the one-step process as described in *Swales v. KLLM Transportation Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021), arguing that *Swales* incorporates the Supreme Court's latest discussion regarding the interpretation of the FLSA in *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018). This Court declines to deviate from the Third Circuit's binding precedent that it has "unequivocally expressed its preference for the two-step process." *See Fogg*, 2023 U.S. Dist. LEXIS 20793 at *4 n.2 (denying request to apply alternative one-step test used by the Fifth Circuit over the unambiguous precedent set by the Third Circuit); *see also Wofford v. Seba Abode, Inc.*, 2021 U.S. Dist. LEXIS 136464 at *9 n.5 (W.D. Pa. Jul. 22, 2021) (summarily rejecting Defendant's argument to apply *Swales*). Defendants point to *Encino*'s application in *Sec'y United States DOL v. Bristol Excavating, Inc.*, 935 F.3d 122, 135 (3d. Cir. 2019), which cited to *Encino* for its holding that it was a "flawed premise" to think that the "FLSA pursues its remedial purpose at all costs" and that "a fair reading" of the FLSA is required when discussing incentive bonuses and whether such bonuses qualified as renumerations for employment only by agreement. The Court notes that *Encino*'s holding has not altered the two-step process endorsed by the Third Circuit, and *Swales* has not been applied as an alternative to the two-step process in the Third Circuit.

which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *See Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016). "In other words, Plaintiffs must show three things: (1) an employer policy, (2) that affected the Plaintiffs in a particular way, and (3) that also affected other employees in a similar way." *Dunkel v. Warrior Energy Servs., Inc.*, 304 F.R.D. 193, 200 (W.D. Pa. 2014).

The second step follows after "the benefit of discovery" where the court is to make a conclusive determination as to whether each plaintiff who has opted into the collective action is in fact similarly situated to the named plaintiffs which carries a heavier burden, (a "more likely than not" standard) before the case may proceed on the merits. *Id*. (citing *Genesis Healthcare Corp. v. Symczyk*, 656 F.3d 189, 193 (3d Cir. 2011), rev'd on other grounds, *Symczyk*, 569 U.S. at 67-68); *see also Zavala*, 691 F.3d at 537.

The grant of conditional certification is one grounded in this Court's discretionary power. *See Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169-170 (1989). At the conditional certification phase, once a court has determined that the plaintiffs have met their burden, whereby plaintiffs successfully produce some evidence of similarly situated employees, notice of the suit is sent to this class of employees and thus they may join the action by providing their consent. *See Fogg*, 2023 U.S. Dist. LEXIS 20793 at *6 (citing *Camesi*, 729 F.3d at 242-43). "Conditional certification, therefore, is not a true certification, but rather an exercise of a district court's discretionary authority to oversee and facilitate the notice process." *See id.*, (citing *Zavala*, 691 F.3d at 536).

Notice serves to ensure that employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche*, 493 U.S. at 170. While the parties can propose and contest such

6

notices, the notice ultimately sent to potential collective action members must be reviewed and approved by the court. *See Halle*, 842 F.3d at 224. District courts may "regulate their practice [of facilitating notice] in any manner not inconsistent with federal or local rules." *Hoffman-La Roche*, 493 U.S. at 170.

## IV.    DISCUSSION

### A.  Similarly Situated Determination

The instant motion brings the Court to the first step to determine whether similarly situated plaintiffs do, in fact, exist in relation to the alleged violations of the FLSA by Defendants. Because typically there is little discovery at the time courts consider conditional certification, courts usually examine the pleadings and affidavits in support of or in opposition to the proposed collective action and determine whether members are "similarly situated." *Krstic*, 2010 WL 395953 at *1 (citing *Masson v. Ecolab, Inc.*, No. 04-4488, 2005 WL 2000133 at *13 (S.D.N.Y. Aug. 17, 2005). "[I]n this early phase, courts employ a relatively lenient evidentiary standard in determining whether a collective action is appropriate." *Id*. Plaintiffs need to demonstrate "something beyond mere speculation," showing a "factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *See Halle* 842 F.3d at 224.

Here, Plaintiffs have two named Plaintiffs and four others all providing affidavits[3] alleging that, as Community Care Providers ("CCPs") are employed by Defendants who compensate CCPs on a day rate basis.[4] Plaintiffs assert that this compensation violates the FLSA because Defendants

---

[3] The Court notes that at the time of this filing a total of 8 CCPs had joined the action, of which 6 had provided sworn statements. (ECF No. 36 at 21). Since then, discovery has progressed during the pendency of this motion and more CCPs have joined the action. Nevertheless, the Court's analysis precedes in accordance with the legal standard established for preliminary certification.
[4] The Court notes that Defendants dispute this description and describes its payments as "reimbursements." Plaintiff argues that the payments are undisputed in that the CCP is paid a fixed amount per patient per day. (ECF No. 36 at 1 n.2).

do not pay for overtime hours and the day rate pay falls below the minimum wage based on the hours worked by CCPs.  The declarations and assertions by Plaintiffs are sufficient to demonstrate, under such a lenient standard, that the alleged policy of Defendants having a companywide practice of classifying CCPs as independent contractors impacted the named Plaintiffs and other CCPs in a similar way: through paying CCPs a fixed daily rate that allegedly results in violations of the FLSA's guarantees of minimum wage and overtime compensation.  *Dunkel v. Warrior Energy Servs., Inc.*, 304 F.R.D. 193, 200 (W.D. Pa. 2014).

Plaintiffs have made a showing beyond mere speculation that there is a nexus between CCPs classified as independent contractors employed by Defendant.  The sworn declarations of those who have joined the action at the outset of the case all attest that all CCPs share the same job title and that all CCPs have similar job duties, such as: providing a clean space for the person under their care, provide meals, assist with daily tasks such as grooming, medical appointments, administration of medications as directed by a physician, and ensure the person in their care has interaction within the community.  *See* (ECF No. 36 at 15-16, Ex. G).  Further, all attest that they are paid the same fixed pay of $65.65 per day, per patient assigned to their household.  (*Id*).  All attest that they are not paid overtime when they work over 40 hours per week, and based on the hours asserted, generally make a rate of $4.10 per hour, which is far below the applicable minimum wage.  (*Id*. at 7).[5]  The Court notes that a specific number of affidavits or consents is not required by the Third Circuit.  Rather, all that is required is that those sworn statements or consents that are present for a district court to analyze at the conditional certification stage provide sufficient

---

[5] The Federal minimum wage is currently $7.25 per hour, and the New Jersey minimum wage is currently $13.00 per hour and was between $10-12 per hour in the preceding three-year period between 2019-2021.  (ECF No. 36 at 7 n.4).  *See also* 29 C.F.R. § 778.5 ("Where a higher minimum wage than that set in the Fair Labor Standards Act is applicable to an employee by virtue of such other legislation, the regular rate of the employee . . . cannot be lower than such applicable minimum[.]")

information for the court to determine that the plaintiff established the "fairly lenient" and "modest factual showing," that there is a factual nexus between similarly situated workers facing a similar policy who were affected by such policy similarly. *Barrios v. Suburban Disposal, Inc.*, No. 12-03663, 2013 WL 6498086 at *3 (D.N.J. Dec. 11, 2013).

Defendants argue that Plaintiffs and other CCPs that have joined the action are not misclassified, and because they have not "put forth evidence that they are employees" the FLSA does not apply. (ECF No. 38 at 6). However, a full evaluation of the merits is not appropriate at this stage, and it is sufficient that Plaintiffs share similar job duties and share a similar business relationship with Defendants. A plaintiff at the preliminary certification stage need not prove that those in the prospective class are in fact employees when the allegation asserts that those of the prospective class are misclassified as independent contractors. *See Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 79-80 (D.N.J. 2014); *Ornelas v. Hooper Holmes, Inc.*, No. 12-3106, 2014 WL 7051868 (D.N.J. Dec. 12, 2014); *Troncone v. Velahos*, No. 10-2961, 2011 WL 3236219 at *4 (D.N.J. Jul. 28, 2011); *Hodzic*, 2016 WL 6248078 at *6-9. Defendants do not argue that the CCPs as asserted by Plaintiffs are dissimilar in title, duties, or compensation. (ECF No. 36 at 10, Ex. G). Thus, this Court finds that Plaintiffs here have met their burden at this stage and will approve conditional certification.

### B. Notice

Plaintiffs propose a 90-day notification period, with a reminder notice halfway through, as well as notification via email and text messaging in addition to first class mailing, permission to electronically execute consent forms, and a three-year statute of limitations. (ECF No. 36 at 28-33). To this end, Plaintiffs argue that for willful violations of the FLSA, a three-year statute of limitations applies, and whether such a violation occurred is an issue relating to the merits of the

case and would be discernable after discovery, and therefore the Court should permit the notice to the potential collective members going back three years.  (*Id*. at 33-34) (citing *Russell v. Life Win, Inc.*, No. 11-2802, 2014 WL 7877787 at *3 (M.D. Fla. Apr. 23, 2014)).  Finally, Plaintiffs request limited discovery necessary to carry out the notice, namely requesting the Court to order Defendants to provide a list of all putative class members' names, addresses, phone numbers, social security numbers, and email addresses.  (*Id.* at 34-35).

Defendants oppose Plaintiffs' plan and argue that the proposed notice period should be no more than 30 days, and that the notice should be limited to first class mail, thus the discovery related to the notice should be limited to mailing addresses.  (ECF No. 38 at 10-12).  Defendants additionally assert that Plaintiff's proposed class of all CCPs employed by Defendants within the three-year period preceding the filing of the Complaint is inappropriate and should be limited to two years, and that any such period would begin on the date of the court approved notice.  (*Id.* at 9) (citing *Porter v. Merrill Lynch Pierce Fenner & Smith, Inc.*, No. 17-8043, 2018 WL 5874094, at*4 (D.N.J. Nov. 9, 2018); *Gervasio v. Wawa, Inc.*, No. 17-245, 2018 WL 385189, at *5 (D.N.J. Jan. 11, 2018); *Adami*, 299 F.R.D. at 82).  Defendants urge the Court to revise the language in proposed notice to more accurately inform potential plaintiffs of the risks and potential costs of consenting to join the suit, in that they could be liable for court costs (as well as correct a scrivener's error).  (*Id*. at 13).  Finally, Defendants also assert that conditional certification would require an extension of the discovery deadline.  (*Id.*).

Plaintiffs note for the Court that "[o]pt-in plaintiffs' FLSA claims are [] particularly vulnerable to the running of the statute of limitations while motions for conditional certification and notice remain undecided," (*DePalma v. Scotts Co. LLC*, 2017 WL 1243134 at *2 (D.N.J. Jan. 20, 2017)), and so many courts within this district "routinely toll the statute of limitations for opt-

in plaintiffs from the date that the motion for conditional certification is filed through the date that the court enters an order granting same." (ECF No. 39 at 10-11) (citing *Ornelas*, 2014 WL 7051868 at *4; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). Plaintiffs further assert that the trend toward electronic dissemination of notice is in line with ensuring the best notice practicable and that electronic dissemination does not pose any additional risk toward the "integrity of the notice process." (*Id.* at 12) (citing *Gilbertson v. J. Givoo Consultants I, Inc.*, 2021 WL 689114 at *1 (D.N.J. Feb. 23, 2021); *Sanchez v. Santander Bank, N.A.*, 2019 WL 6050738 at *3 (D.N.J. Nov. 15, 2019)).

Finally, on September 26, 2022 Plaintiffs filed supplemental authority, bringing to this Court's attention *Staley v. UMAR Services, Inc.*, No. 21-00042, 2022 U.S. Dist. LEXIS 172181 (M.D.N.C. Sept. 23, 2022). (ECF No. 45). The Court notes that *Staley* is not binding authority. Defendants objected to Plaintiffs' filing as improper pursuant to L. Civ. R. 7.1(d)(6) and argue that the case is inapposite. (ECF No. 46).

### i. Dissemination

A district court has the power to "regulate their practice [of facilitating notice] in any manner not inconsistent with federal or local rules." *Hoffman-La Roche*, 493 U.S. at 170. Therefore, the dissemination of the notice in this action is within the Court's discretion. *Id.* at 169-70. "The practice of permitting notice by USPS and additional electronic means, including email and text messaging, finds ample support in this district." *Gilbertson*, 2021 WL 689114 at *2 (collecting cases). The Court recognizes that, while first class mail has been the gold standard for court related notices in the past, the COVID-19 pandemic has encouraged the Court's adoption of electronic communications for a wide variety of the Court's business, especially in the current environment where many people are more transient, more mobile, and more connected to their

phones rather than to a mailing address. *Id*. Utilizing electronic means and USPS to notify potential opt-in plaintiffs allows the Court to provide more "accurate and timely notice concerning the pendency of the collective action," to which "the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Hoffman-La Roche*, 493 U.S. at 170-71. This Court will permit Plaintiffs to utilize USPS, email, and text messaging to notify potential opt-in plaintiffs, and therefore will also permit Plaintiffs limited discovery for the purpose of obtaining the necessary information, namely the names, addresses, mobile numbers, and email addresses of potential plaintiffs in this action.

      ii. **Reminder**

The Court notes that, for similar reasons as discussed above, this Circuit regularly permits reminder notices, and will allow the same here. *Gilbertson*, 2021 WL 689114 at *2 (collecting cases). Therefore, the Court will permit one reminder notice midway through the notice period.

      iii. **Length of Notice Period**

The Parties disagree as to the appropriate length of the opt in period. Plaintiffs believe that 90 days is the reasonable amount of time necessary for a potential opt-in plaintiff to receive and read the notice, contact and be informed by counsel, and return their consent forms. (ECF No. 36 at 32). On the other hand, Defendants assert that 30 days is sufficient, and 90 days would needlessly delay the litigation. (ECF No. 38 at 12). Given that the Court is permitting Plaintiffs to notify potential opt-in plaintiffs by electronic means, permitting a reminder notification halfway through the notification period, and permitting electronic consents, the general administrative delays that plague mail-only notifications should be reduced. Therefore, this Court will permit a 60-day notice period. This is sufficient time to provide each potential opt-in plaintiff to make a

well-informed decision about their participation in this action, while not needlessly delaying resolution of the litigation. *See Sanchez*, 2019 WL 6050738 at *4.

### iv. Proposed Revisions

With regards to Defendants' proposed revisions, (aside from the correction of the scrivener's error), the Court declines to adopt those changes. The notice is meant to identify those individuals who believe they have been injured in the same way that named Plaintiffs have been and to inform them of the forum to pursue any potential claims. It is the role of Plaintiffs' counsel in this matter to inform those who inquire after the notice what their duties and obligations would be to this matter if they were to commit to this collective action and to explain the costs as they are structured for this matter. *See Ingram v. Coach USA, Inc.*, No. 06-3425, 2008 WL 281224 (D.N.J. Jan. 28, 2008). Therefore, this Court will direct Plaintiffs' counsel to advise each opt-in of the obligations and responsibilities, including costs and risk, with each individual that is part or will join this matter. *See Sanchez*, 2019 WL 6050738 at *11-14.

### v. Equitable Tolling

Finally, Plaintiffs seek equitable tolling of the statute of limitations for opt-in plaintiffs from the date that the motion for conditional certification is filed through the date that the court enters an order. While the Court is mindful of the constraints potential opt-ins face with regards to claims aging while the Court is considering a collective certification, the concept of equitable tolling is an extraordinary remedy that this Court is to apply sparingly. *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999) ("The law is clear that courts must be sparing in their use of equitable tolling."); *see also Wallace v. Kato*, 549 U.S. 384, 396 (2007) ("Equitable tolling is a rare remedy to be applied in unusual circumstances, not as a cure-all for an entirely common state of affairs."). Further, as described in *Alvarez v. BI Inc.*, the application of equitable

tolling in circumstances such as these, where there has not been any allegations of any extraordinary interference in the ability of plaintiffs to assert their rights, would "alter[] the statutory scheme and would be inconsistent with the directives of the Third Circuit and the Supreme Court that equitable tolling be applied sparingly and only in rare cases." No. 16-2705, 2018 WL 2288286 at *12-17 (E.D. Pa. May, 17, 2018). Therefore, this Court will decline to toll the statute of limitations and the notification will be limited to CCPs in the three years before the date of certification. *Porter*, 2018 WL 5874094 at *4 ("Under the FLSA, the action is commenced for opt-in plaintiffs from the date they file a written consent to join the action, 29 U.S.C. § 256(b), and the maximum possible statute of limitations is three years. Accordingly, courts regularly limit notice in FLSA collective actions to those potential opt-in plaintiffs employed within three years of the date of conditional certification.") (internal citations omitted).

V.     **CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members (ECF No. 35) will be GRANTED and notice will be permitted as described herein. An order consistent with this Opinion will be entered.

March 17, 2023                                   s/ Karen M. Williams
                                                 KAREN M. WILLIAMS, U.S.D.J.

14