[ECF No. 127]

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN HAGANS et al., **Plaintiffs,** v. NATIONAL MENTOR HEALTHCARE, INC. et al., **Defendants.** | Civil No. 22-128 (KMW/SAK) |

## OPINION AND ORDER

This matter is before the Court on the motion for leave to file an amended complaint to add the New Jersey Department of Human Services ("NJDHS") as a defendant [ECF No. 127] filed by Plaintiffs John Hagans and Vivian Hagans (collectively, "Plaintiffs"). The Court received the opposition of Defendant National Mentor Healthcare, LLC [ECF No. 128]. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed, Plaintiffs' motion is **GRANTED**.

I.   BACKGROUND

Plaintiffs filed this collective and putative class action alleging that Defendant violated state and federal wage and hour laws by misclassifying them as independent contractors rather than employees. *See* Compl. ¶ 2 [ECF No. 1]. Pursuant to the April 13, 2022 Scheduling Order [ECF No. 22], fact discovery closed on January 13, 2023, while the deadline to seek to amend the pleadings expired on October 13, 2022. The time between the deadline to amend the pleadings and the close of fact discovery was three months. Since the April 13, 2022 Scheduling Order was

entered, four Amended Scheduling Orders were issued, each further extending the deadlines for fact discovery. However, none of these amended orders included an extension of the deadline to seek to amend the pleadings. At a status conference on March 28, 2024, Andrew Frisch, Esquire, counsel for Plaintiffs, advised the Court that he realized the State of New Jersey is an appropriate defendant, and that he would seek leave to amend the complaint to add this proposed defendant. Mr. Frisch represented that discovery was ongoing and that the parties were attempting to schedule depositions. Monica Nugent, Esquire, counsel for Defendant, agreed with Mr. Frisch's representations, adding that she expected the production of documents to be completed shortly. Although all but the April 13, 2022 scheduling orders were silent as to the deadline to amend the pleadings, the Court found good cause to extend this deadline to April 9, 2024. The parties were still in the midst of discovery—paper discovery was not yet completed, and depositions had not yet begun.

On April 8, 2024, Plaintiffs filed the present motion pursuant to Federal Rule of Civil Procedure 15(a) and Local Rule 15.1. Plaintiffs assert that discovery disputes and the complexity of this collective/putative class action led to delays in discovery, and the consequential delay in identifying "all appropriate defendants." Mot. ¶¶ 6, 8. They contend that they have now completed sufficient discovery to identify NJDHS as an appropriate defendant. *Id.* ¶ 11. Defendant objects to Plaintiffs' motion, contending that it has repeatedly advised Plaintiffs, and provided to Plaintiffs, discovery about NJDHS' direct involvement in the Plaintiffs' and Opt-In Plaintiffs' status as Community Care Providers ("CCPs"). *See* Opp'n at 1. Defendant claims that it was well-known to Plaintiffs that their status as CCPs is governed by New Jersey regulations. *Id.* Thus, it argues, Plaintiffs' claim that delayed discovery resulted in the delay in identifying NJDHS as a defendant is "inconsistent with record evidence." *Id.* at 2. Nevertheless, Defendant concedes "the proposed

amendment will not result in severe prejudice to the defense, as discovery is ongoing and depositions have not yet occurred." *Id*. at 3.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 15(a) governs requests for leave to amend,[1] allowing an amendment either with the opposing party's written consent or with the court's leave. FED. R. CIV. P. 15(a)(2). Under the liberal rule, the Court must "freely give leave when justice so requires." *Id*. This ensures that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (citation omitted); *see Sabatino v. Union Twp.*, No. 11-1656, 2013 WL 1622306, at *6 (D.N.J. Apr. 15, 2013) (citation omitted) ("[I]f the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits."). The decision to grant leave to amend rests within the sound discretion of the trial court. *See Zenith Radio Corp. v. Hazeltine Rsch. Inc.*, 401 U.S. 321, 330 (1970) (citation omitted). In determining whether leave to amend should be granted, courts consider the following factors: (1) undue delay on the part of the party seeking to amend;

---

[1] If a motion to amend is filed after the deadline in the scheduling order, "Rule 16 requires a moving party to demonstrate good cause for its failure to comply with the scheduling order before the trial court can consider, under Rule 15(a), the party's motion to amend its pleadings." *Schwartz v. Avis Rent a Car Sys., LLC*, No. 11-4052, 2013 WL 2182078, at *2 (D.N.J. May 20, 2013) (internal quotations and citation omitted). Here, Defendant argues that Plaintiffs' motion was filed after the October 13, 2022 deadline set forth in the April 13, 2022 Scheduling Order, and therefore, it warrants a "good cause" analysis under Rule 16. Opp'n at 2 n.2. The Court finds Plaintiffs' motion to be timely, as it was filed before the April 9, 2024 deadline set by the Court. Although several amended scheduling orders were silent as to the deadline to amend, at the March 28, 2024 status conference, the Court extended this deadline to April 9, 2024. At the time, the parties indicated that they were still in the midst of discovery and depositions were yet to scheduled. Even if this deadline was not extended, the Court finds that good cause would exist to extend it under Rule 16. *See, e.g., Smith v. Honeywell Int'l, Inc.*, 2014 WL 301031, at *5 (D.N.J. Jan. 27, 2014) ("Where a scheduling order sets no amendment deadline, courts have looked to when discovery closed to determine whether the motion to amend is untimely under Rule 16.").

3

(2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice to the opposing party; and/or (5) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010). "The *Foman* factors are not exhaustive," and a court may consider additional equitable factors "such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff." *Mullin v. Balicki*, 875 F.3d 140, 149–50 (3d Cir. 2017) (footnotes omitted). Additionally, "[a]ll factors are not created equal, however, as 'prejudice to the non-moving party is the touchstone for the denial of an amendment.'" *Id.* at 150 (footnote omitted). The non-moving party bears the burden of demonstrating substantial or undue prejudice. *See Heyl & Peterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981) (citation omitted).

### B. Analysis

Plaintiffs argue that leave to amend should be granted as the proposed party was identified in the course of discovery. They contend that the proposed amendment serves the interests of judicial economy and efficiency as they seek to recover damages from this "joint employer," which is engaged in "the same alleged policies and practices" as the existing defendants. Mot. at 4. Defendant opposes Plaintiffs' motion, arguing that there was undue delay in seeking the proposed amendment. The Court finds that an analysis of the *Foman* factors weigh in favor of allowing the proposed amendment. Accordingly, the Court will grant Plaintiffs' motion. A discussion of the relevant *Foman* factors follows.[2]

---

[2] Defendant does not allege bad faith or dilatory motives on the part of Plaintiffs, nor does it claim that Plaintiffs repeatedly failed to cure deficiencies through prior amendments. The Court also has no evidence to suggest bad faith, and notes that this is Plaintiffs' first attempt to amend. These *Foman* factors are therefore not addressed in the Court's analysis.

4

### 1. Undue Delay

"The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court . . . [and] an unfair burden on the opposing party." *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (citation omitted). "[T]he question of undue delay requires that we focus on the movant's reasons for not amending sooner." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

Plaintiffs contend that their delay in seeking leave to amend stemmed from the delay in discovery in a complex, collective and putative class action, which consequentially delayed their identification of appropriate defendants. They claim that they have now completed sufficient discovery to identify NJDHS as an appropriate defendant. Defendant disputes this account, contending that it repeatedly advised Plaintiffs, and provided discovery to Plaintiffs, about NJDHS's direct involvement in the Plaintiffs' status as CCPS. Defendant further claims that it was well-known to Plaintiffs that their status as CCPs is governed by New Jersey regulations. While the Court agrees that Plaintiffs were likely aware earlier in discovery that NJDHS may be an appropriate defendant, and thus delayed seeking to amend the Complaint, the Court finds that this delay is not undue. Discovery is ongoing and depositions are yet to be taken. Thus, this factor weighs in favor of amendment.

### 2. Undue Prejudice

"[P]rejudice to the non-moving party is the touchstone for denial of an amendment." *U.S. Fire Ins. Co. v. Kelman Bottles*, 538 F. App'x 175, 184 (3d Cir. 2013) (citation omitted). "To justify the denial of a motion to amend, the asserted prejudice must amount to more than mere inconvenience to the non-moving party." *Voilas v. Gen. Motors Corp.*, 173 F.R.D. 389, 396

(D.N.J. 1997) (citation omitted). "[F]rustrated expectations [do not] constitute undue prejudice sufficient to overcome the Rule 15(a) right to amend a pleading." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir.2004) (citation omitted). "Leave to amend a complaint should only be denied because of undue delay if the delay causes the non-moving party to be prejudiced." *Cincerella v. Egg Harbor Twp. Police Dep't*, No. 06-1183, 2007 WL 2682965, at *2 (D.N.J. Sept. 6, 2007).

Generally, courts have not found undue prejudice when a party moves to amend while discovery is still open. *See, e.g.*, *Transweb v. 3M Innovative Props. Co.*, No. 10–4413, 2011 WL 2181189, at *9 (D.N.J. June 1, 2011) (finding no unfair prejudice where schedule would not be impacted and several months of fact discovery remained); *Leibholz v. Hariri & Celgene Corp.*, No. 05–5148, 2007 WL 2177386, at *6 (D.N.J. July 27, 2007) (granting motion to amend where discovery was still open and the final pretrial conference had not been set, among other factors). In contrast, "[i]f the proposed amendment requires the reopening of discovery, the prejudice to the non-moving party will be considered greater than if the proposed amendment presents only a new issue of law." *Voilas*, 173 F.R.D. at 396 (citation omitted). Here, discovery remains open, and Defendant concedes that it will not be severely prejudiced by the proposed amendment.

### 3. Futility

"A court will consider an amendment futile if it is frivolous or advances a claim or defense that is legally insufficient on its face." *White v. Smiths Detection, Inc.*, No. 10–4078, 2013 WL 1845072, at *11 (D.N.J. Apr. 30, 2013) (internal quotations and citation omitted). A proposed amendment may be denied based on futility if it "would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citations omitted). To survive a Rule 12(b)(6) attack, a complaint "must

6

contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009) (internal quotations and citation omitted). Moreover, in determining whether a proposed amendment is futile, "the court looks only to the pleadings." *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc.*, 106 F. Supp. 2d 761, 765 (D.N.J. 2000) (citations omitted).

Here, Plaintiffs allege the proposed amendment will allow them to pursue damages against the proposed defendant, an alleged "joint employer" engaged in "the same alleged policies and practices" as the existing defendant. Defendant does not allege that the proposed amendment is futile. To the contrary, Defendant asserts that it repeatedly advised Plaintiffs of the State's direct involvement in Plaintiffs' status as CCPs. The Court finds that the proposed amendment contains sufficient facts as to NJDHS such that the proposed amendment is not clearly futile.

### CONCLUSION

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **17th** day of **June**, **2024**, that Plaintiffs' motion for leave to file an Amended Complaint [ECF No. 127] is **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file and serve their Amended Complaint with seven (7) days from the date of this Order.

s/ Sharon A. King<br>
SHARON A. KING<br>
United States Magistrate Judge

cc: Hon. Karen M. Williams, U.S.D.J.